1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   Tramaine Parker,           ) Case No. **ED CV 20-113-JFW(SPx)**
                                 )
12              Plaintiff,       ) **STANDING ORDER**
                                 )
13        v.                     )
                                 )
14   Adecco USA, Inc., et al.,   )
                                 )
15              Defendants.      )
     _____ )

16

17        **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

18   **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19        This action has been assigned to the calendar of Judge

20   John F. Walter.  Both the Court and counsel[1] bear

21   responsibility for the progress of litigation in Federal

22   Court.  To secure the just, speedy, and inexpensive

23   determination of every action, all counsel are ordered to

24   familiarize themselves with the Federal Rules of Civil

25   Procedure, the Local Rules of the Central District of

26

27   _____

28        [1]Any reference in the Court's Standing Order (or any
     other court order) to "counsel" or "attorney" applies to
     parties appearing pro se unless the context requires
     otherwise.

California, the General Orders of the Central District and
the Judge's Procedures and Schedules found on the website
for the United States District Court for the Central District
of California (www.cacd.uscourts.gov).

**1.   Service of the Complaint:**

The plaintiff shall promptly serve the Complaint in
accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of
service pursuant to the Local Rules.   **The plaintiff is hereby**
**notified that failure to serve the Complaint as required by**
**Fed.R.Civ.P. 4(m) will result in the dismissal of the**
**Complaint against the unserved defendant(s).**

**2.   Presence of Lead Counsel:**

Lead trial counsel shall attend all proceedings before
this Court and all Local Rule 7-3, scheduling, status, and
settlement conferences.   Only ONE attorney for a party may be
designated as lead trial counsel unless otherwise permitted
by the Court.

**3.   Electronic Filing and Courtesy Copies:**

(a) Within ten days of a party's initial appearance, lead
trial counsel shall file a declaration entitled, "Declaration
of Lead Trial Counsel" which shall: (1) notify the Court that
counsel has registered as an "CM/ECF User;" (2) include lead
counsel's "E-Mail Address of Record;" and (3) confirm that
lead counsel has read the Court's Standing Order and the
Local Rules.

(b) All documents that are required to be filed in an
electronic format pursuant to the Local Rules shall be filed
electronically no later than 4:00 p.m. on the date due unless

1  otherwise ordered by the Court.  Any documents filed
2  electronically after 4:00 p.m. on the date due will be
3  considered late and may be stricken by the Court.  All
4  documents filed electronically shall be filed in accordance
5  with the Local Rule 5-4.  Each PDF file shall contain no more
6  than one document.  *See* Local Rule 5-4.3.1. Any documents
7  which counsel attempt to file electronically which are
8  improperly filed will not be accepted by the Court.

9      (c) Counsel are ORDERED to deliver **2 copies** of all
10 documents filed electronically in this action to Chambers.
11 For each document filed electronically, one copy shall be
12 marked "CHAMBERS COPY" and the other copy shall be marked
13 "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
14 collectively referred to herein as "Courtesy Copies." The
15 Courtesy Copies of each electronically filed document must
16 include on each page the running header created by the ECF
17 system.  In addition, on the first page of each Courtesy
18 Copy, in the space between lines 1 – 7 to the right of the
19 center, counsel shall include the date the document was
20 e-filed and the document number. The Courtesy Copies shall be
21 single-sided and shall <u>not</u> be blue-backed. All documents must
22 be stapled only in the top left-hand corner, the electronic
23 proof of service must be attached as the last page of each
24 document, and the exhibits attached to any document must be
25 tabbed.  Counsel shall not staple the "COURTESY COPY" and
26 "CHAMBERS COPY" together. The "COURTESY COPY" and "CHAMBERS
27 COPY" of all documents must be three-hole punched at the left
28 / / /

margin with oversized 13/32" hole size, not the standard
9/32" hole size.  If evidence attached to a document exceeds
twenty-five pages, the Courtesy Copies of the evidence shall
be placed in separately bound volumes and include a Table of
Contents.  If such evidence exceeds fifty pages, the Courtesy
Copies of such evidence shall be placed in a slant D-ring
binder with each item of evidence separated by a tab divider
on the right side. All documents contained in the binder must
be three hole punched with the oversized 13/32" hole size,
not the standard 9/32" hole size.  The binder shall include a
Table of Contents and the spine of the binder shall be
labeled with its contents.

     The Courtesy Copies shall be delivered to Chambers no
later than 10:00 a.m. on the next business day after the
document was electronically filed.

     (d) For any document that is not required to be filed
electronically, counsel are ORDERED to deliver 1 conformed
copy of the document, which shall be marked "COURTESY COPY,"
to Chambers **at the time of filing**. For any document or
exhibit that is not required to be filed electronically,
counsel shall retain a copy of that document or exhibit until
all appeals have been exhausted.

     (e)  If the Court has granted an application to file
documents under seal, the Court's Courtesy Copies shall
include a complete version of the documents including any
sealed documents. Each document that has been filed under
seal shall include a notation identifying that the document
has been filed under seal, and shall be highlighted to show

4

the portion of the document that has been redacted. For example, if the Court orders Ex. A to a Declaration filed under seal, the Court's Courtesy Copies of the Declaration should include Ex. A as an attachment with a notation that it has been filed under seal pursuant to the Court's order and any redactions shall be highlighted.

(f)  In the unlikely event counsel finds it necessary to file a Notice of Errata: (1) the Notice of Errata shall specifically identify each error by page and line number and set forth the correction; and (2) a corrected version of the document in its entirety shall be attached to the Notice of Errata.

(g) When a proposed order accompanies an electronic filing, a WordPerfect or Word copy of the proposed order, along with a copy of the PDF electronically filed main document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov. The subject line of the e-mail shall be in the following format: court's divisional office, year, case type, case number, document control number assigned to the main document at the time of filing, judge's initials and filer (party) name.  Failure to comply with this requirement may result in the denial or striking of the request or the Court may withhold ruling on the request until the Court receives the required documents.

**4.  Discovery:**

(a) All discovery matters have been referred to a United States Magistrate Judge.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All

discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to contact the Magistrate Judge's Courtroom Deputy to schedule matters for hearing.

All decisions of the Magistrate Judge shall be final, subject to modification by the District Court only where it is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within fourteen calendar days of service of a written ruling or within fourteen calendar days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with a memorandum of points and authorities.  Counsel shall deliver a courtesy copy of the moving papers and responses to the Magistrate Judge.

(b) Counsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

**5.   Motions:**

**(a) Time for Filing and Hearing Motions:**

Motions shall be filed in accordance with the Local Rules.  This Court hears motions on **Mondays commencing at 1:30 p.m.**  Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without

1   leave of Court.  No supplemental briefs shall be filed

2   without leave of Court.  Courtesy Copies shall be provided to

3   the Court in accordance with paragraph 3 of this Order.  No

4   motion shall be noticed for hearing for more than 35 calendar

5   days after service of the motion unless otherwise ordered by

6   the Court.  Documents not filed in compliance with the

7   Court's requirements will be stricken and will not be

8   considered by the Court.

9       **(b) Local Rule 7-3:**

10      Among other things, Local Rule 7-3 requires counsel to

11  engage in a pre-filing conference to discuss thoroughly the

12  substance of the contemplated motion and any potential

13  resolution.  Counsel should discuss the issues with

14  sufficient detail so that if a motion is still necessary, the

15  briefing may be directed to those substantive issues

16  requiring resolution by the Court.

17      Many motions to dismiss or to strike could be avoided if

18  the parties confer in good faith especially for perceived

19  defects in a Complaint, Answer, or Counterclaim which could

20  be corrected by amendment.  *See, e.g., Eminence Capital, LLC*

21  *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a

22  motion to dismiss is granted, a district court should provide

23  leave to amend unless it is clear that the Complaint could

24  not be saved by any amendment).  The Ninth Circuit requires

25  that this policy favoring amendment be applied with "extreme

26  liberality."  *Morongo Band of Mission Indians v. Rose*, 893

27  F.2d 1074, 1079 (9th Cir. 1990).

28  / / /

These principles require counsel for the plaintiff to carefully evaluate the defendant's contentions as to the deficiencies in the Complaint, and in most instances, the moving party should agree to any amendment that would cure a curable defect.  Counsel should, at the very least, resolve minor procedural or other nonsubstantive matters during the conference.

All 7-3 conferences shall be conducted **in person** by lead counsel.  If lead counsel are not located in the same county in the Central District of California, the conference may take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference).

Notwithstanding the exception for preliminary injunction motions in Local Rule 7-3, counsel contemplating filing a preliminary injunction motion shall comply with Local Rule 7-3 and meet and confer **in person** at least five days prior to the filing of such a motion. The pro se status of one or more parties does not excuse compliance with Local Rule 7-3.

Within three days of the conference, counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.  Failure to strictly comply with the Court's requirements or Local Rule

/ / /

1  7-3 will result in the striking and/or the denial of the
2  motion.

3      **(c) Length and Format of Motion Papers:**

4      **Memoranda of Points and Authorities in support of or in**
5  **opposition to motions shall not exceed 25 pages.  Replies**
6  **shall not exceed 12 pages.**  Only in rare instances and for
7  good cause shown will the Court grant an application to
8  extend these page limitations.  Courtesy Copies of all
9  evidence in support of or in opposition to a motion,
10  including declarations and exhibits to declarations, shall be
11  separated by a tab divider on the bottom of the page.  If
12  evidence in support of or in opposition to a motion exceeds
13  twenty-five pages, the Courtesy Copies of the evidence shall
14  be placed in separately bound volumes and include a Table of
15  Contents.  If such evidence exceeds fifty pages, the Courtesy
16  Copies of such evidence shall be placed in a slant D-ring
17  binder with each item of evidence separated by a tab divider
18  on the right side.  All documents contained in the binder
19  must be three hole punched with the oversized 13/32″ hole
20  size, not the standard 9/32″ hole size.  The binder shall
21  include a Table of Contents and the spine of the binder shall
22  be labeled with its contents.

23      **Typeface shall comply with the Local Rules. NOTE: If**
24  **Times Roman is used, the font size must be no less than 14;**
25  **if Courier is used, the font size must be no less than 12.**
26  Footnotes shall be in the same typeface and font size as the
27  text and shall be used sparingly.
28  / / /

1  Documents which do not conform to the Local Rules and
2  this Order will not be considered.

3  **(d) Citations to Case Law:**

4  Citations to case law **must** identify not only the case
5  being cited, but the specific page referenced. In the event
6  it is necessary to cite to Westlaw or Lexis, the Court
7  prefers that counsel cite to Westlaw.  Hyperlinks to case
8  citations must be included.

9  **(e) Citations to Other Sources:**

10  Statutory references should identify, with specificity,
11  which sections and subsections are being referenced (*e.g.*,
12  Jurisdiction over this claim for relief may appropriately be
13  found in 47 U.S.C. § 33, which grants the district courts
14  jurisdiction over all offenses of the Submarine Cable Act,
15  whether the infraction occurred within the territorial waters
16  of the United States or on board a vessel of the United
17  States outside said waters).  Statutory references which do
18  not specifically indicate the appropriate section and
19  subsection (*e.g.*, Plaintiffs allege conduct in violation of
20  the Federal Electronic Communication Privacy Act, 18 U.S.C. §
21  2511, *et seq.*) are to be **avoided.**  Citations to treatises,
22  manuals, and other materials should similarly include the
23  volume and the section referenced.

24  **(f)  Proposed Statement of Decision**

25  Within two days of the deadline for filing the Reply,
26  each party shall lodge a Proposed Statement of Decision,
27  which shall contain a statement of the relevant facts and
28  applicable law with citations to case law and the record.

The Proposed Statement of Decision shall not exceed fifteen pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.  The Proposed Statement of Decision shall be submitted to the Court in accordance with the Local Rules and shall be e-mailed in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing. Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(g) Opposing Papers**

Within the deadline prescribed by the Local Rules, a party opposing a motion shall file: (1) an Opposition; or (2) a Notice of Non-Opposition.  If a party files a Notice of Non-Opposition to a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), that party shall state whether it intends to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1).

**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion. *See* Local Rules.**

**(h)   Amended Pleadings**

Whenever a plaintiff files an amended pleading, a redlined version of the amended pleading shall be filed and delivered to Chambers indicating all additions and deletions to the prior version of that pleading.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of

/ / /

1  the amendment; and (2) state the page, line number(s), and
2  wording of any proposed change or addition of material.
3      In the event the Court grants a motion to dismiss without
4  prejudice to filing an amended complaint, the plaintiff shall
5  file an amended complaint within the time period specified by
6  the Court.  If no time period is specified by the Court, the
7  plaintiff shall file an amended complaint within fourteen
8  calendar days of the date of the order granting the plaintiff
9  leave to file an amended complaint.  Failure to file an
10 amended complaint within the time allotted will result in the
11 dismissal of the action with prejudice.
12     **6.   Ex Parte Applications:**
13     Ex parte applications are solely for extraordinary
14 relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*,
15 883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to
16 conform with the Local Rules, including a statement of
17 opposing counsel's position, will not be considered.  In
18 addition to electronic service, the moving party shall
19 immediately serve the opposing party by fax or hand service
20 and shall notify the opposing party that any opposition must
21 be filed not later than twenty-four hours after the filing of
22 the ex parte application.  If counsel does not intend to
23 oppose the ex parte application, counsel shall immediately
24 inform the Courtroom Deputy by e-mail and immediately file a
25 Notice of Non-Opposition.  The Court considers ex parte
26 applications on the papers and usually does not set the
27 matters for hearing.  Courtesy Copies of all moving,
28 opposition, or non-opposition papers shall be provided to the

Court in accordance with paragraph 3 of this Order.  The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**7.   Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date:**

No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.  Any application or stipulation to extend the time to file any required document or to continue any date must set forth the following:

(a)  the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

(c) specific, concrete reasons supporting good cause for granting the extension; and

(d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

The application or stipulation must be accompanied by a separate proposed order which must be submitted to the Court in accordance with the Local Rules.  The proposed order shall include the existing due date(s) or hearing date(s) as well as the new proposed date(s).

Failure to comply with the provisions of this section may result in the denial of the application or stipulation.

/ / /

1       **8.   <u>Temporary Restraining Orders and Injunctions</u>:**

2       **(a)  Documentation Required:**

3       Parties seeking emergency or provisional relief shall

4  comply with Fed.R.Civ.P.65 and the Local Rules.  An ex parte

5  application for a temporary restraining order must be

6  accompanied by:  (1) a copy of the complaint; (2) a separate

7  memorandum of points and authorities in support of the

8  application; (3) the proposed temporary restraining order and

9  a proposed order to show cause why a preliminary injunction

10 should not issue; and (4) such other documents in support of

11 the application which the party wishes the Court to consider.

12 Courtesy Copies of these documents shall be immediately

13 delivered to Chambers.

14      **(b)  Notice of Ex Parte Applications:**

15      Unless relieved by order of the Court for good cause

16 shown, on or before the day counsel files an ex parte

17 application for a temporary restraining order, counsel must

18 personally serve notice and all documents in support of the

19 ex parte application and a copy of the Court's Standing Order

20 on opposing counsel or party.  Counsel shall also notify the

21 opposing party that any opposition must be filed no later

22 than twenty-four hours after the service of the ex parte

23 application.  Counsel shall immediately file a Proof of

24 Service.

25      If counsel does not intend to oppose the ex parte

26 application, counsel shall immediately inform the Courtroom

27 Deputy by e-mail and immediately file a Notice of Non-

28 Opposition.  The Court considers ex parte applications on the

1  papers and usually does not set the matter for hearing.

2  Courtesy Copies of all moving, opposition, or non-opposition

3  papers shall be provided to the Court in accordance with

4  paragraph 3 of this Order.  The Courtroom Deputy will notify

5  counsel of the Court's ruling or a hearing date and time, if

6  the Court determines a hearing is necessary.

7  **9.   Proposed Protective Orders and Filings Under Seal:**

8        Protective orders pertaining to discovery must be

9  submitted to the assigned Magistrate Judge.  Proposed

10  protective orders should not purport to allow, without

11  further order of Court, the filing under seal of pleadings or

12  documents filed in connection with a hearing or trial before

13  the Court.  The existence of a protective order does not

14  alone justify the filing of pleadings or other documents

15  under seal, in whole or in part.

16        An application to file documents under seal must meet the

17  requirements of the Local Rules and shall be limited to three

18  documents by a party, unless otherwise ordered by the Court.

19  The application to file documents under seal should not be

20  filed under seal.  There is a strong presumption of the

21  public's right of access to judicial proceedings and records

22  in civil cases.  In order to overcome the presumption in

23  favor of access, the movant must demonstrate compelling

24  reasons (as opposed to good cause) for the sealing if the

25  sealing is requested in connection with a dispositive motion

26  or trial, and the relief sought shall be narrowly tailored to

27  serve the specific interest sought to be protected.  *Pintos*

28  / / /

*v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010), *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

For each document or other type of information sought to be filed under seal, the party seeking protection must articulate compelling reasons supported by specific facts or legal justification that the document or type of information should be protected.  The facts supporting the application to file documents under seal must be provided by a declaration. The declaration shall attach an unredacted copy of each document to be filed under seal.  The parties are ordered to highlight the portion of the document containing counsel's proposed redactions.  Documents that are not confidential or privileged in their entirety will not be filed under seal if the confidential portions can be redacted and filed separately.  The declarations in support of the application to file documents under seal shall include an explanation of why redaction is not feasible.

If the parties anticipate requesting the Court to file more than three documents under seal in connection with any motion, they shall identify all such documents that will be required to support and oppose the motion during the Local Rule 7-3 conference.  The parties shall then meet and confer in order to determine if the documents satisfy the "compelling need" standard for "sealing" each document. Thereafter, the parties shall file a joint application and lodge a proposed order to file under seal all such documents

1   with the required showing as to each document.  The joint
2   application shall be filed promptly so that the Court may
3   rule on the application before the filing date for the
4   motion.  The parties shall not file any pleadings containing
5   documents they have requested the Court to file under seal
6   until the Court acts on the application to file under seal.
7       If a party wishes to file a document that has been
8   designated confidential by another party, the submitting
9   party must give any designating party five calendar days
10  notice of intent to file.  If the designating party objects,
11  it should notify the submitting party and file an application
12  to file documents under seal within two court days.
13      If an application to file documents under seal is denied
14  in part or in full, the lodged documents will not be filed.
15  The Courtroom Deputy will notify the submitting party, and
16  hold the lodged documents for three court days to allow the
17  submitting party to retrieve the documents.  If the documents
18  are not retrieved, the Courtroom Deputy will dispose of the
19  documents.
20      If the Court grants an application to file documents
21  under seal, the parties shall file within two days of the
22  Court's Order a complete version of the documents under seal
23  and a redacted version for public viewing (omitting only such
24  portions as the Court has ordered to be filed under seal).
25  The Court's Courtesy Copies of all documents filed under seal
26  shall include a complete version of the documents with a
27  notation identifying that the document has been filed under
28  seal and shall be highlighted to show the portion of the

document that has been redacted. Should counsel fail to file
the under seal version and redacted version of the documents,
the Court will strike any motion that relies on or relates to
those documents and/or file those documents in the public
record.

**10.  <u>Cases Removed From State Court</u>:**

All documents filed in state court, including documents
attached to the Complaint, Answer(s), and Motion(s), must be
re-filed in this Court as a separate supplement to the Notice
of Removal.  The supplement must be in a separately bound
volume and shall include a Table of Contents.  If the
defendant has not yet answered or moved, the Answer or
responsive pleading filed in this Court must comply with the
Federal Rules of Civil Procedure and the Local Rules of the
Central District.  If before the case was removed a motion
was pending in state court, it must be re-noticed in
accordance with the Local Rules.

**11.  <u>Actions Transferred From Another District</u>**

Counsel shall file, within ten days of transfer, a Joint
Report summarizing the status of the action which shall
include a description of all motions filed in the action and
the transferor court's ruling on the motions.  In addition,
counsel shall deliver (but not file) one courtesy copy to
Chambers of each document on the docket of the transferor
court.  On the first page of each courtesy copy, in the space
between lines 1 - 7, to the right of the center, counsel
shall include the date the document was filed and the
document number.  The courtesy copies shall be placed in a

slant D-ring binder in chronological order with each document separated by a tab divider on the right side.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size. The binder shall include a Table of Contents and the spine of each binder shall be labeled with its contents.  The courtesy copies shall be delivered to Chambers within ten days of the transfer.

**12.  Status of Fictitiously Named Defendants**:

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the Complaint:

(a) Plaintiff shall ascertain the identity of and serve any fictitiously named defendants within 90 days of the date that the Complaint was filed in State Court.

(b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court.  Such application shall state the reasons therefore, and will be granted only upon a showing of good cause.  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may respond within seven calendar days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and

1  counsel for the fictitiously named party, if that party has
2  separate counsel). If consent is withheld or denied,
3  plaintiff shall file an ex parte application requesting such
4  amendment, with notice to all appearing parties.  Each party
5  shall have seven calendar days to respond.  The ex parte
6  application and any response should comment not only on the
7  substitution of the named party for a fictitiously named
8  defendant, but on the question of whether the matter should
9  thereafter be remanded to the Superior Court if diversity of
10 citizenship is destroyed by the addition of the new
11 substituted party.

12 **13.  <u>Bankruptcy Appeals</u>:**

13 Counsel shall comply with the Notice Regarding Appeal
14 From Bankruptcy Court issued at the time the appeal is filed
15 in the District Court.  Counsel are ordered to notify the
16 Court in a joint report if the Certificate of Readiness has
17 not been prepared by the Clerk of the Bankruptcy Court and
18 submitted to the Clerk of the District Court within 90 days
19 of the date of this Order.

20 The matter is considered submitted upon the filing of the
21 final brief.  No oral argument is held unless ordered by the
22 Court.

23 **14.  <u>Communications with Chambers</u>:**

24 Counsel shall not attempt to contact the Court or its
25 Chambers staff by telephone or by any other ex parte means,
26 although counsel may contact the Courtroom Deputy at
27 shannon_reilly@cacd.uscourts.gov with appropriate inquiries.
28 To facilitate communication with the Courtroom Deputy,

counsel should list their facsimile transmission numbers and e-mail address along with their telephone numbers on all papers.

**15.** **Notice of This Order**:

    Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties.

    **Caveat**:  **If counsel fail to cooperate in the preparation of the required Joint Rule 26 Report or fail to file the required Joint Rule 26 Report, or if counsel fail to appear at the Scheduling Conference, the Pre-Trial Conference and/or any other proceeding scheduled by the Court, and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

    IT IS SO ORDERED.

DATED:    January 21, 2020   _____
                              JOHN F. WALTER
                    UNITED STATES DISTRICT JUDGE

Rev. 1-6-2020